May it please the Court, my name is Matthew Hoppeck. I'm here representing Ronald Hernandez, an immigration petitioner who's challenging the decision of the Immigration Court to order him removed and deny all of his applications for relief. The real question here is whether the agency can expand the definition of term of imprisonment to include things that a trial judge might order outside the scope of a sentence, such as a condition on probation, and say that those two count as part of the term of imprisonment. Mr. Hernandez came to the United States in the late 80s. I don't understand why DMIRBUS isn't controlling when we held that or confirm that you read 1101A43G is controlled by the definition in 1101A48B. You argue squarely to the contrary, but we can't go there. The agency citation to that case is correct. You read the two definitions together, and I was wrong in my brief, and I stand corrected. However, DMIRBUS talks about two things, reading those two definitions together and then the result, which is the court in DMIRBUS said a suspended sentence is part of the term of imprisonment. We didn't have a suspended sentence here. The court in California didn't enter a sentence. Instead, it put him on probation. So the question is, outside of DMIRBUS and the other case, Tejeda, those are the two Eighth Circuit cases about reading those definitions together, getting beyond the question of whether you read them together, then the court must ask, so then what? Can the terms of probation, outside of whether the court put somebody in jail as a sentence, be part of that term of imprisonment? I don't think DMIRBUS answered that question, nor did Tejeda. But the statute does. The statute doesn't talk about terms of imprisonment. No, but the statute says jail is jail, to say it quickly. If you look at the definition of conviction, it says conviction includes any term of imprisonment including any portion of the sentence that the judge suspended. So perhaps the court puts you in jail. In most cases, here's the scenario that arises. It is deemed to include the period of incarceration or confinement ordered by a court of law. Correct. But when a judge puts you in jail as a term of probation, they are not incarcerating you. They're rehabilitating you. That's what the law says. Or confinement. Jail is jail. That's what the Ninth Circuit just held, didn't they, in that case submitted by the 28J letter? Didn't they just say your reliance on the old Supreme Court of California case doesn't cut it with these federal immigration laws? Outside of the context of California, though, numerous other circuits have held that when a judge imposes probation only and then puts conditions on the probation, they are not sentencing you to jail. Okay, but counsel says none of those involve incarceration. They were true suspended sentences. And I wouldn't agree. In fact, the quotation from Brasley— There's one old Tenth Circuit case, I guess, that I didn't read. There's two Fifth Circuit cases— Not old by my standards. There's two Fifth Circuit cases, Your Honor, that dealt with periods of confinement and community confinement. One was the U.S. v. Banda-Zamora case, and one was U.S. v. Dowling. It's not clear that those people were put in jail. And, in fact, the quotation from Brasley is helpful because Brasley explains why, under this California sentencing scheme, being put in jail as a condition of probation isn't part of your incarceration. The court said, Jail detention may be ordered as a condition of probation and, when so ordered, is not regarded as punishment but as a part of the whole supervised program of rehabilitation. There are a lot of reasons a trial court might want— It's still a term of imprisonment, though. I mean, how can it not be? Jail is jail. Because they're trying to rehabilitate you. They're not sentencing you to jail. And there's a couple of reasons that the Brasley court said a judge might want to do that. The judge might want to keep jurisdiction over the case. The judge might see a 19-year-old kid who isn't a lost cause and may want to put him in jail. But he doesn't need to jail him. He can keep jurisdiction anyway. Correct. The decision to jail him, you can say it's not punishment. I think that's sort of defying the obvious. Well, the Brasley court said that was specifically one of the reasons California judges will impose probation and then give you jail time is so the judge could keep jurisdiction. Another reason is because— And the purpose of the Congress writing things like A48B is to rationalize, nationalize, if you will, the rules as to immigration. And they did it by saying jail is jail. It just seems to me that I can't see any other way. Well, no, their immigration, our sister circuits have said all kinds of things over the years, some of which we've agreed with and some of which we haven't. It seems to me here to the extent the Fifth Circuit is to the contrary of Demiris, it's not our law. The reason those cases arise in the Fifth Circuit, in my view, is that the sentencing scheme in Texas is quite a lot like the sentencing scheme in California. I don't think a court in Missouri could just not sentence you, give you probation, and then give you jail as a piggyback on probation. But one reason they do it in California, and it's not talked about a lot in our briefs, but one reason they do it in California is that this statute is called a wobbler under the California criminal statute. This court has talked about wobblers a little bit. Missouri doesn't have wobblers. But in California, you can be sentenced under this statute for a year in federal prison, making it a felony, or a year in the county jail, making it a misdemeanor. One reason a court might order probation and then stick a year in county jail in the back is so he doesn't give this 19-year-old a felony. He's gotten the same outcome. He stuck him in jail, but he doesn't have a felony. And that's up to the discretion of the trial court. We see cases where state courts, usually after the fact, attempt to modify the punishment they impose so as to avoid what they view as a harsh immigration result. Usually it's unsuccessful, not always. But the fact that the state courts or even the state legislatures think they can get around, so to speak, the immigration law, so the Supremacy Clause governs, which means we read the federal statute. I agree. And if you look at the BIA's decision in Patel, the matter of Patel, the 1975 case, that's exactly what the person had tried to do. They'd gone back and modified that 12 months of jail they'd gotten as a condition of their probation, and they got it reduced just under the one year to ameliorate their immigration consequences. The board said, aha, that's not your sentence, though, because it was a condition of probation. The board said, you can modify that all you want, because that wasn't the term of imprisonment that was your sentence. That's just something the judge tacked onto your probation as part of your rehabilitation program. The board has never stepped away from Patel. Patel is still good law. And yet the board here asks this court to go beyond Patel and say anything the judge tacks onto probation, if it looks like jail, is going to be a term of imprisonment under the definition of conviction. We would ask the court, where is the case where any court or the agency has held that a term of probation, a condition of probation was the term of imprisonment? We haven't seen a case. The board, it seems, hasn't issued a published or unpublished decision that has said conditions of probation amount to part of the term of imprisonment. Judge Locum, it's substance over form. The substance is the actual time that you have to do or that is imposed against you, regardless of whether it's a condition of probation or an outright sentence. I understand that point. But I would ask the court to note that trial courts all over the country, with the task of sentencing people, are given discretion in part because you reach a range of circumstances. Sometimes your defendant is a first-time offender, a 19-year-old who was found with a stolen car. Sometimes he's a lifelong offender. So what the agency is asking the court to do is not only step aside from Patel without it actually issuing a published decision, but to go beyond. How does Patel only get involved because of the 98? The matter of Patel case is where the board cited people versus Brasley to say, you can't modify that old condition of probation because that's not your sentence. Were they dealing with this statute? The statute has been amended, but only with respect to that definition of conviction. Were they dealing with 1101A48B? With the prior version. Patel was from 1975. I think the statute's been recodified since then. But the underlying point is. And Congress, for the most part, has made this much more restrictive. But California's law hasn't changed. It doesn't matter. The federal law has. I understand. But I would ask the court to look at matter of Patel because it's the last published decision where the board, in our opinion, has ruled on this question. And the board said, under this California sentencing scheme, that's not your sentence. Go modify it all you want. You're still getting deported because that's not your sentence. This case turns it on its head because, in our case, there is no underlying suspended sentence. And I would ask the court to find that DeMiravis is not controlling because DeMiravis dealt with a suspended sentence, not with a condition of probation. And the number of circuits including. You just said that too fast. Our argument is that DeMiravis dealt with a suspended sentence. You said that's not your sentence. Right, in matter of Patel. What is it here? It doesn't matter whether they call it probation or a sentence that's suspended. In our view, it does because trial courts have traditionally had the power. But the Supreme Court of California and maybe the Fifth Circuit supporting that. Congress has said no. There are Tenth and Eleventh Circuit's decisions too. The U.S. v. Guzman-Vera is the Eleventh Circuit decision. U.S. v. Gonzalez-Coronado is the Tenth Circuit decision. We think circuit courts have held that purely probationary sentences do not count as the term of – that purely probationary sentence is the Eleventh Circuit's language in U.S. v. Guzman-Vera. All you have here is a purely probationary sentence. And, yes, the judge ordered jail time as a condition of probation just as he could have put him in a halfway house or he could have put him in some community service center. What the agency has asked the court to find is any of those would be the term of imprisonment necessary. Thank you for hearing our argument. I'll reserve the rest of my time for rebuttal. Very good. Ms. McKay. Good morning, Your Honors. May it please the Court. Leslie McKay for the respondent. Eric Holder. Your Honors, this case really rises and falls on the text of Section 101A48B. It's unambiguous. It's plain as day. As you said yourself, Judge Logan, jail is jail. The petitioner in this case received a 365-day jail term as a condition of his probation. It doesn't matter that it was a condition of his probation. He did 365 days in jail. The statute unambiguously includes that. That's what the Ninth Circuit just said. But he didn't do 365 days. No, sorry. He was sentenced to 365 days. And that's all that's required under the statute in order to render his grand theft auto conviction an aggravated felony. Well, he wasn't even sentenced to it. He was ordered to serve that as a condition of probation. That's right. He was convicted, but imposition of the sentence was suspended. He was placed on probation with the condition that he served this jail time. The government is not asking you to expand the definition to include anything other than a jail term at this point. I think those are certainly interesting questions, whether community confinement, whether a halfway house, whether a substance abuse treatment center could fit within the definition of term of imprisonment in the immigration statute. That's not what's called for in this case. What if that condition had been imposed in a leap year? In a leap year? Yeah. Would it have been a 366 day? No. Wait. The same condition had been imposed in a leap year. So he would have only been sentenced to 364 days? No, five. Last time I – I'm confused. The leap year has 366 days. Right. Okay, so that's what – Federal statute talks about year. Okay. He got a number of days. Okay. So 365 days is a year, and 366 days is a year plus one. Not a leap year. A leap year has 366. I went to law school, so I didn't have to do math. I'm sorry. I'm so confused. So if a leap year has – Where did you go to junior high? In Oregon. Come on. Come on. All right. Okay. If you'd like a letter brief on that, I'm happy to think about it on the plane back to Washington. No, we see all these sentences, you know, one year and one day, or one year minus one day, and usually contrivances for one reason or another. I don't think it matters. If that's what you're driving at, I don't think it matters that the sentence was 365 days rather than one year. No, I don't either. I don't think that terminology matters. Not in 1989. Is it a leap year this year? So what matters is that, yes, he received this condition, this 365-day jail term as a condition of his probation. We think that the statute unambiguously includes that, and we think that the court can stop right there with this case. That's enough to simply dismiss the petition for review, because if he's an aggravated felon, that's the end of the inquiry. There are no other – Let's talk about, just dwell a moment. Your brief raised this spousal abuse conviction in 1998 where the sentence was, where it turned into a revocation of the probation of the sentence we're talking about. That's right. So if it had been a leap – I take it your core position is since the initial sentence was 365 days in jail, and it doesn't matter that ICE didn't let him serve all that because they took him for deportation. So that's the end of the inquiry. We don't need to look at the spousal abuse, right? That's correct. Now, what if the first sentence had been 300 days? Would your position then be that the 380 revocation sentence would somehow bump it over a year, or we just don't need to go there? You don't need to go there in this case. I think it's an interesting question, and Judge Nguyen, in her concurrence, excuse me, in Ramirez, in the Ninth Circuit case that I provided by 28J, she actually touches on that a little bit about how you could choose between two different terms under the statute. She was doing a Chevron – Or you had to add them together. On my hypothetical. Yeah, and I think that you could, yeah, pick and choose or add them together. I think there are some options there. You sort of make it by raising that in your brief, you give us all kinds of doubts and concerns. Well, I certainly didn't intend to do that. No, I know, but sometimes you have to be careful. I do think the 98 incident is relevant only really in explaining the posture of this case and how he got back before the court on a probation revocation charge based on this old, I believe, 88 or 89 Grand Theft Auto guilty plea. So that's really what it was in there for. Whether you could aggregate those two somehow or pick and choose between the two, you don't need to in this case. The 365 days is sufficient under the statute, and that's really all that the court needs to consider. And just to touch on a couple points raised by Petitioner's Counsel regarding matter of Patel in particular, I addressed that in my brief at pages 31 and 32, I believe, and footnote 16 at any rate. Patel isn't dealing with term of imprisonment under Section 101, not at all. It's dealing with the petty offense exception. So the analysis there is different, and we would argue not controlling, not applicable. If anything, the closest decision on point is the Board's published decision in matter of Ramirez, which was affirmed by the 9th. And secondly, in terms of sort of the differences in all of these different rehabilitative schemes and people versus Brasley, nationwide uniformity is paramount in immigration law, and I think particularly in this context where you have so many different options for sentencing judges state by state, how they want to sentence people, how they want to treat probationary terms, what conditions they want to place on probation. And that's exactly why the court should focus here on the federal immigration statute and what Congress has said about what a term of imprisonment means. Without getting into the details of the cases, do you agree or disagree that the 5th, 10th, and 11th Circuits have decisions that are contrary to what you're arguing? I disagree. Those decisions. Yeah, those decisions. And again, I do address those decisions in the briefs, in my brief. Those decisions all deal with sentences to pure probation. There's no jail term. You don't think upholding the Board here would create a conflict? I don't. I don't at all. If there are no further questions, I would ask that the court dismiss the petition for review. Thank you. I think Mr. Hoppe has some time. Almost four minutes, Your Honor. Thank you, Your Honors. What about the response from your opposing counsel that distinguishing those three cases that you cited from the other circuits? We don't agree. I mean, I think in particular Dowling and Banda-Zamora, I think both involved confinement. I don't know what type of confinement. I'll have to go back and look at Dowling. I think Dowling said community confinement. I'm not certain if he was placed in a jail. Well, maybe that's the point. Perhaps. I'll have to go back and look at Dowling. But we cited them. And then the Eleventh Circuit decision in Guzman-Berra talked about a purely probationary sentence. I don't know if they tacked on a jail term or not. Well, that's the point again, too. Right, but our point is that the trial judge has wide open discretion to tack on anything they want as a condition of probation. But I want to get to something that the Attorney General of the Department of Justice argued, which was that they're not asking you to make new law or to expand the statute. But if you look at their brief at page 25, they cite Chevron and talk about filling gaps. If the board really wants to fill gaps in a statute that is not plain, the board ought to do that in a published decision. The board has never said in a published decision that conditions placed on probation can amount to the term of imprisonment. They don't have to do that in a published decision. They're certainly asking the court to allow them to fill gaps in their brief. Page 25. They can fill gaps by adjudication anyway. We don't much care whether they call it published or unpublished. The problem here is consistency nationwide. There's no standard that an immigration judge can apply. They don't have to be consistent either because in many cases they are dealing with circuits that are already in conflict that the Supreme Court chooses not to resolve. So they deal with this all the time? Chevron would require them to apply the plain meaning of the statute if the statute is plain. We would argue the statute is not plain. It does not talk about probation one single bit. And if they're not applying the plain meaning, then they have to be reasonable. But the opposing counsel says it is plain. I don't think it is plain. It doesn't say the word probation. It doesn't say conditions of probation. So I can see that courts have stretched it. That's a question of law. That absolutely is a question of law that's submitted to the court. The courts have done their best to try to understand these two. If Congress really wanted to be clear, why stick two definitions far apart that don't talk to each other and then have the courts sort out whether they mean to refer to each other or not? But the real question is if the statute is not plain, if it doesn't talk about probation or the conditions of probation, what does the agency have to do to get this court or all the courts to stretch it to include conditions of probation? We would ask the court to remand for the board to say clearly and on the record what its position is. Thank you, Your Honor. Thank you, counsel. The case has been well briefed and argued. We will take it under advisement.